J-A10015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BENJAMIN BOYNTON, JR. | |
| Appellant | No. 507 MDA 2014 |

Appeal from the Order Entered March 6, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001482-2005

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 27, 2015**

Appellant, Benjamin Boynton, Jr., appeals from the order entered in the Lackawanna County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant sexually molested the victim from the time she was six years old until she was ten years old.  A jury convicted Appellant on March 7, 2006, of rape of a child, aggravated indecent assault—complainant less than thirteen years of age, indecent assault—complainant less than thirteen years of age, and corruption of minors.  The court sentenced Appellant on June 28, 2006,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

to an aggregate term of thirteen and a half (13½) to forty (40) years' imprisonment. Appellant timely filed a notice of appeal on July 26, 2006. This Court dismissed Appellant's appeal on October 19, 2006, for failure to file a docketing statement.

On July 20, 2012, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. The Commonwealth filed an answer to Appellant's PCRA petition on August 29, 2012. PCRA counsel filed a petition to withdraw and a **Turner**/**Finley**[2] "no-merit" letter on July 30, 2013. Appellant filed *pro se* objections to PCRA counsel's "no-merit" letter on August 26, 2013. On January 30, 2014, the PCRA court granted PCRA counsel's petition to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed Appellant's PCRA petition on March 6, 2014. Appellant timely filed a *pro se* notice of appeal.[3] On March 28, 2014, the PCRA court ordered Appellant to

_____

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Instantly, the PCRA court issued Rule 907 notice on January 30, 2014. Appellant filed his notice of appeal *pro se* on February 25, 2014 (prisoner mailbox rule). Appellant's notice of appeal was time-stamped on March 4, 2014, and entered on the docket on March 14, 2014. Meanwhile, the PCRA court dismissed Appellant's petition on March 6, 2014, after Appellant filed his *pro se* notice of appeal. Thus, Appellant's premature notice of appeal relates forward to March 6, 2014. **See id.**

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied *pro se* on April 9, 2014.

Appellant raises the following issues for our review:

> WHETHER THE [PCRA] COURT ERRED, SHOWING BIAS, PREJUDICE AND ILL-WILL TOWARDS [APPELLANT], WHEN [THE PCRA COURT] DEN[IED] HIS PETITION TO COMPEL FILED ON JANUARY 16, 2014.
>
> WHETHER APPELLANT HAS AN EXCEPTION TO THE TIMELINESS REQUIREMENT SET FORTH IN [THE] POST-CONVICTION RELIEF ACT PURSUANT TO § 9545.

(Appellant's Brief at 2, 5).

Preliminarily we observe, "to preserve their claims for appellate review, appellants must comply whenever the [PCRA] court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Here, Appellant failed to raise his first issue in his Rule 1925(b) statement. Therefore, it is waived. *See id.*

As an additional prefatory matter, we must determine whether Appellant timely filed his PCRA petition. *Commonwealth v. Harris*, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective

- 3 -

January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a petitioner asserting a timeliness exception must file a petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such,

- 4 -

when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the PCRA court determined:

> [Appellant's] judgment became final on November 18, 2006[,] when time expired for him to seek discretionary review in the Pennsylvania Supreme Court. He thus had until one year later, on November 18, 2007, to file any and all PCRA petitions. The current petition was filed more than 4 years too late. The Pennsylvania Supreme Court has recognized an exception to the timeliness requirement where counsel abandons the defendant on appeal and his appeal is dismissed. *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). However, the defendant must exercise due diligence in ascertaining this, and file his PCRA petition within 60 days of discovering that his appeal has been dismissed. *Id.* Here, [Appellant] was notified by the Superior Court on April 10, 2007[,] that he did not have an appeal pending. Had he filed his PCRA petition after he received this letter, he would have been well within the one year time deadline for the filing of a PCRA petition (he had until November 18, 2007). Instead, he waited until July 20, 2012[,] and is many years out of time to seek PCRA relief.
>
> [PCRA counsel] states in his *Turner*/*Finley* letter that [Appellant] is beyond the time to seek PCRA relief, and that he has not claimed any exceptions to the one year filing requirement. This court is thus without jurisdiction to rule on the petition.

(PCRA Court's Rule 907 Opinion, filed January 30, 2014, at 2-3) (citations to record omitted). We accept the PCRA court's conclusions. Therefore,

Appellant's petition remains time-barred. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015